UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COURTNEY GREEN,

                Plaintiff,

-against-

VIACOM CBS,

                Defendant.

1:22-CV-0238 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order dated January 12, 2022, the Court directed Plaintiff, who appears *pro se*, within 30 days, to resubmit the signature page of the complaint with an original signature. (ECF 5.) The Court warned Plaintiff that if she failed to comply with that order, the Court would dismiss this action. (*Id.*) By order and judgment dated March 14, 2022, and entered two days later, the Court dismissed this action without prejudice because Plaintiff failed to comply with the Court's January 12, 2022 order. (ECF 8 & 9.) On March 17, 2022, Plaintiff filed an unsigned "motion to reconsider" in which Plaintiff asserts that "the original filing was sent via [the United States Postal Service] . . . as a hard copy paper document on [December 24, 2021,] with original signature." (ECF 11.)

      The Court construes Plaintiff's motion as one to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure, and for reconsideration under Local Civil Rule 6.3. For the reasons discussed below, the Court denies the motion.

## DISCUSSION

      The standards governing Rule 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 508 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it.

*Id.* at 509; *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 209-10 (S.D.N.Y. 2009) ("[A] motion for reconsideration is not an invitation to parties to treat the court's initial decision as the opening of a dialogue in which [a] party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.") (internal quotation marks and citations omitted).

Plaintiff has failed to demonstrate in her motion that the Court overlooked any controlling decisions or factual matters with respect to the dismissal of this action.[1] The Court therefore denies Plaintiff relief under Rule 59(e) and Local Civil Rule 6.3.

## CONCLUSION

The Court construes Plaintiff's "motion to reconsider" as a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure, and for reconsideration under Local Civil Rule 6.3, and the Court denies that motion. (ECF 11.) The Court also denies Plaintiff's other pending requests. (ECF 12-14.)

---

[1] The signature page in Plaintiff's complaint is unsigned. (ECF 2, at 7.)

Plaintiff has consented to electronic service of court documents. (ECF 4.)

SO ORDERED.

Dated: March 28, 2022
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge